## In the Matter of John R. STRAIN.

### No. 283S46.

Supreme Court of Indiana.

Feb. 9, 1984.

John R. Barney, Jr., Barney & Barney, Indianapolis, for respondent.

Sheldon A. Breskow, William C. Hussmann, Jr., Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission and John R. Strain, the Respondent, have tendered to this Court a conditional agreement for discipline entered into pursuant to Admission and Discipline Rule 23, Section 11(d). The Respondent has also presented to this Court the requisite affidavit pursuant to Section 17 of Admission and Discipline Rule 23.

The Disciplinary Commission has charged the Respondent in a six-count complaint with violating Disciplinary Rules 1–102(A)(1), (4), (5) and (6); 2–101(A)(2); 5–104; 5–107(B); 6–101(A); 7–101(A)(2) and 9–102(A)(2) and (B)(4).

We find generally that the Respondent is a member of the Bar of this State. Under Count I, the parties agree that James M. Backmeyer was attorney for Gary Bussen in the case of *State v. Bussen* in the Wayne Superior Court No. 2. Bussen's co-defendant, Berry Jack, was to testify as a prosecution witness against Bussen as a result of a plea agreement between Berry Jack and the Wayne County Prosecutor. Backmeyer and the Respondent were aware that Berry Jack was without funds with which to hire counsel. Backmeyer described the situation of Jack's expected testimony in Bussen's trial to the Respondent and asked the Respondent if he would act as counsel for Jack at said trial. The parties have submitted conflicting statements as to an alleged conversation between the Respondent and Jack's father. They do agree that the Respondent made it clear to Backmeyer that Respondent's representation of Jack would not necessarily make Jack a favorable witness to the defense.

The Respondent conferred with Jack concerning his testimony in the Bussen case and represented Jack at a hearing and the trial of the Bussen case. Bussen was acquitted.

Thereafter, the Respondent discussed with Berry Jack's father representation of Berry Jack in an action for post-conviction relief. The Respondent was retained and paid $100 to pursue the post-conviction remedy. The Respondent discussed the case with the prosecutor and the judge, but thereafter obtained employment in another county and could no longer pursue the case. The agreed facts also state that the Respondent contacted the state public defender concerning the Jack case and then ceased all action on behalf of Jack.

Under Count II of the Complaint the parties agree that on or about November 5, 1981, Carolyn Parks and Michael Rust employed the Respondent to represent Rust in obtaining a restricted motor vehicle operator's license. Parks paid the Respondent a retainer fee of $300 and delivered to him certain traffic tickets. The Respondent researched the issue, but failed to take any action. Despite frequent inquiries, the Respondent failed to inform his clients that there was nothing further he could do on their behalf.

On or about February 22, 1982, Parks, on behalf of herself and Rust, discharged the Respondent and requested return of the $300 fee. The Respondent agreed to refund the fee, but failed to do so. On or about July 1, 1982, Rust filed suit for the refund in the Wayne Superior Court No. 3 and on August 1, 1982, was awarded judgment in the amount of $300 plus interest and costs. The Respondent has failed to pay said judgment.

The agreed facts under Count III are that Dennis and Mary Lou Van Winkle retained the Respondent on or about March 16, 1981, to prepare a joint petition in bankruptcy. They paid the Respondent a retainer and filing fee of $460 and gave him the information necessary to prepare the bankruptcy schedules.

The Respondent failed to file the petition for over seventeen months. In or about May, 1981, Van Winkle's wages were garnished. The Respondent promised to take prompt action to terminate the garnishment, but failed to do so for two months.

In April of 1982, Mary Lou Van Winkle's wages were garnished and the Respondent again promised to take prompt action. He failed to do so until on or about August 23, 1982. At that date the Respondent filed the bankruptcy petition.

Under Count IV the parties have agreed that between February, 1976 and July, 1977, the Respondent was appointed appellate counsel in three unrelated criminal cases in Wayne County. He petitioned for and received from Wayne County on May 1, 1978, attorneys fees of $5,000 for all three cases. He failed to file more than a

praecipe in any case and took no action in any case after July, 1977. On June 12, 1978, he was dismissed from the cases by the presiding judges. On or about June 5, 1978, the Wayne County Board of Commissioners ordered the Respondent to repay the $5,000 fee. Thereafter, he entered into an agreement for repayment of $4,200 which he paid on or about October 9, 1978.

The parties agree under Count V that on or about October 5, 1978, the Respondent executed a promissory note, payable in one year to Curtis Beavers in the amount of $5,000, which amount Beavers loaned to the Respondent in cash. Under an oral agreement, the Respondent was to perform legal services for Beavers in lieu of cash repayment of the note. Under such agreement, Beavers retained the Respondent in six legal matters from October, 1978 until October, 1981. Thereafter Beavers discharged the Respondent, requested return of his files and demanded payment of the note. Beavers was dissatisfied with the legal services performed by the Respondent.

The Respondent has failed to release Beavers' file and to pay the note. Beavers filed and was successful in a lawsuit seeking repayment of the note. Beavers has also filed for replevin in an attempt to obtain his files from the Respondent. The parties agree that the Respondent performed some services for Beavers.

In accordance with the agreed facts under Count VI of the complaint, we find that, on or about August 7, 1980, Venice and Gladys Foust retained the Respondent to represent them in an adoption proceeding whereby Venice would adopt Gladys' adult son Carl, and to effect name changes for Carl's family. The Respondent was paid $390 for retainer and filing fees.

The Respondent represented that the adoption and name change will be completed by September, 1980, in time for the opening of school. However, he did not file the adoption petition until November 10, 1980 and the petitions for name changes until December 4, 1980. After a hearing on February 2, 1981, he failed to take further action until on or about May 23, 1982, when, pursuant to a request from Gladys Foust, the trial court directed the Respondent to promptly complete the matter.

By way of mitigation, the parties agree that during the period of time in question, the Respondent suffered from ill health and personal financial pressures.

The foregoing agreement of facts establishes that the Respondent neglected his clients' cases on several occasions and failed to carry out his contract of employment. Upon his failure to perform the services for which he was hired, the Respondent failed to promptly return unearned fees and records belonging to clients; he engaged in conduct involving dishonesty and misrepresentation, and he allowed another to regulate his professional judgment in rendering legal services to his client. By his misconduct the Respondent prejudiced and damaged his clients and engaged in conduct which is prejudicial to the administration of justice and reflects adversely on his fitness to practice law. The parties have agreed and this Court finds accordingly that the Respondent engaged in professional misconduct.

The misconduct exhibited in this case is not a single, isolated instance, but involves a series of violations and several clients. Such a pattern is reprehensible and intolerable. In accordance with the agreement of the parties, this Court finds that the agreed discipline, a suspension from the practice of law for a period of six (6) months, should be approved. At the expiration of such period, the Respondent may petition for reinstatement pursuant to the provisions of Ind.R.A.D. 23, Section 18.

It is, therefore, ordered that the Conditional Agreement of the parties is approved and, by reason of the misconduct found herein, the Respondent, John R. Strain, is hereby suspended from the practice of law in Indiana for a period of six (6) months beginning March 12, 1984.

Costs of this proceeding are assessed against the Respondent.