**In the Matter of John F. STRAIN.**

No. 784S298.

Supreme Court of Indiana.

April 24, 1985.

Strain, pro se.

Sheldon A. Breskow, Executive Secretary, William G. Hussman, Jr., Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission and John F. Strain, the Respondent in this cause, have entered into and have tendered for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline pursuant to Ind.R.A.D. 23, Section 12. The Respondent has been charged in a single count verified complaint with violating Disciplinary Rules 6–101(A)(3), 7–101(A)(3) and 1–102(A)(4) and (6) of the *Code of Professional Responsibility for Attorneys at Law.*

The Respondent has submitted his affidavit in accordance with the requirements of Admission and Discipline Rule 23, Section 17(a).

Upon review of the parties' agreement, this Court finds that it should be approved. In accordance with the agreed facts, we find that in July 1979, Carolyn Armhein retained the Respondent to appeal an adverse jury verdict from the Wayne Circuit Court. The Respondent filed a Motion to Correct Error and a Praecipe in the trial court. Thereafter he filed the record of the proceedings in the Indiana Court of Appeals on January 28, 1980. Respondent's Appellant's Brief was received by the Clerk of the Court on February 28, 1980, one day after the deadline for filing Appellant's Brief pursuant to Rule of Appellate Procedure 8.1. On June 19, 1980, the Court of Appeals dismissed the appeal because of Respondent's failure to timely file Appellant's Brief. Shortly after June 19, 1980, the Respondent conferred with Carolyn Armhein and told her that the appeal "was lost". He did not specifically advise Armhein that the appeal had been dismissed due to his failure to timely file the appellate brief.

From the foregoing findings, we conclude that the Respondent neglected his client's case, prejudiced and damaged his client, and engaged in conduct involving dishonesty, deceit or misrepresentation and conduct that adversely reflects on his fitness to practice law. Thereby, the Respondent violated Disciplinary Rules 1–102(A)(4) and (6), 6–101(A)(3) and 7–101(A)(3) of the *Code.* By his conduct the Respondent has breached his professional duty to his client and has hindered the orderly administration of justice. Accordingly, we find that the agreed discipline, a suspension from the practice of law for a period of 30 days, is appropriate under the circumstances of this case.

IT IS, THEREFORE, ORDERED that the Respondent, John F. Strain, is suspended from the practice of law in the State of Indiana for a period of thirty (30) days commencing at the expiration of the sus-

pension imposed by this Court on February 8, 1984, in Cause No. 283 S 46, 459 N.E.2d 363.

Costs of this proceeding are assessed against the Respondent.